IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MARYLAND (BALTIMORE DIVISION)

| | | |
|---|---|---|
| IN RE: | * | |
| MONICA A. YOUNG, | * | CASE NO. 05-21343-JS |
| DEBTOR. | * | (CHAPTER 7) |
| * * * * * * | * * * * * * | |
| | * | |
| LEONARD W. YOUNG, *et al.* | * | |
| PLAINTIFFS, | * | |
| v. | * | ADV. NO. 08-752-JS |
| MONICA A. YOUNG, | * | |
| DEFENDANT. | | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT**

**COMES NOW** the above-named Defendant, by and through her attorney of record, and hereby objects to Plaintiffs' Motion for Summary Judgment and in support thereof respectfully shows unto the Court the following:

**MATERIAL FACTS IN DISPUTE**

The defendant asserts that summary judgment in this matter is not appropriate as there are material facts in dispute.  The existence of the factual disputes is acknowledged by the plaintiff; however they are characterized as not material.  The two separate indications of the prior bankruptcy are material facts and core to this proceeding.  The disputed material fact is whether the plaintiff had knowledge of the prior bankruptcy.  Defendant submits that the record contains proof of the transmission of that knowledge.  The credit report of the

defendant was sent to the plaintiff as a result of discovery in the prior action. Defendant testified that the credit report as sent had a notation of the bankruptcy in the section for public records contained in that credit report.

The second and independent notice of the bankruptcy was contained in the testimony of Thomas Giunta, the former attorney of the defendant. Mr. Giunta testified that he had a telephone conference with opposing counsel that included the statement "Why are you going after this woman? She has gone bankrupt and has no money." Both of these statements or pieces of information are sufficient to put the plaintiff on inquiry notice of the prior bankruptcy.

## AUTHORITY

Bankruptcy Rule 7056 provides that summary judgment is appropriate when "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Celotex Corp. v Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56©. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "A fact is material only if it affects the result of the proceeding and a fact is in dispute only when the opposing party submits evidence such that a trial would be required to resolve the differences." *Hassett v. Altai, Inc. (In re CIS Corp.)*, 214 B.R. 108, 118 (Bankr.S.D.N.Y.1997).

The moving party has the burden of demonstrating the absence of any genuine issue of material fact, and all of the inferences to be drawn from the underlying facts must be viewed by the Court in the light most favorable to the party opposing the motion. See *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505. To defeat a motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*,

475 U.S. at 586, 106 S.Ct. 1348.  Rather, it must present "significant probative evidence" that a genuine issue of fact exists.  *Anderson*, 477 U.S. at 249, 106 S.Ct. 1348.

## ARGUMENT

Drawing the inferences from the facts most favorable to the defendant clearly shows that the plaintiff had knowledge of the prior bankruptcy.  The knowledge of this bankruptcy is a material fact and central to the determination of the issue before the court.  Summary Judgment must be denied.

:	Respectfully submitted,

 /s/ Andrew G. Wilson, II
Andrew G. Wilson, II
275 West Street, Suite 216
Annapolis, Maryland 21401
Attorney for Plaintiff/Debtor
410-626-6111
Andywilsonlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, to the extent that the following persons were not served electronically via the CM/ECF system, I caused a copy of the pleading above referenced to be sent on this date, by first class U.S. mail, postage prepaid to the following party:

Andrew L. Cole
Two North Charles Street, #600
Baltimore, MD  21201
Attorney for Plaintiff

Dated:  April 28, 2009	_____/s/ Andrew G. Wilson, II_____
	Andrew G. Wilson, II