IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MARYLAND (NORTHERN DIVISION)

| | | |
|---|---|---|
| IN RE: | * | |
| MONICA A. YOUNG, | * | CASE NO. 05-21343-JS |
| DEBTOR. | * | (CHAPTER 7) |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| LEONARD W. YOUNG, *et al.*, | * | |
| PLAINTIFFS, | * | |
| V. | * | ADV. NO. 08-752-JS |
| MONICA A. YOUNG, | * | |
| DEFENDANT. | * | |

* * * * * * * * * * * * *

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Leonard Young and Patrice Young, by undersigned counsel, hereby reply to *Defendant's Opposition to Plaintiff's Motion for Summary Judgment* (the "Opposition") stating as follows:

1. Defendant Monica Young ("Debtor") opposes *Plaintiffs' Motion for Summary Judgment* (the "Motion for Summary Judgment") based upon her assertion that there are material facts in dispute, *to wit* first, Debtor points out that there is a dispute over whether a credit report provided in the course of discovery in a State Court case gave Plaintiffs notice of her bankruptcy filing, and second, that Debtor's attorney in the State Court action, Thomas Giunta, testified that he informed Plaintiff's counsel in that action of Debtor's bankruptcy filing.

2. While Plaintiffs dispute both of these facts, neither is material when viewed in light of the undisputed facts.

3. The central issue in this case is whether Plaintiffs had actual knowledge of Debtor's bankruptcy filing in time to make a timely request for a determination of dischargeability under 11 U.S.C. § 523(a)(6).

4. The deadline for filing a complaint to determine dischargeability was August 22, 2005 (See undisputed fact 7 in the Motion for Summary Judgment).

5. The credit report referred to in the Opposition was identified by the Debtor in her deposition where she acknowledged it was not prepared until October 28, 2005. (See undisputed fact 12 in the Motion for Summary Judgment).

6. Even assuming that the credit report did provide notice to the Plaintiffs of Debtor's bankruptcy filing, which Plaintiffs dispute, it is undisputed that it could not have provided notice prior to August 22, 2005.

7. It is Debtor's testimony that she does not recall the date of the telephone conversation referred to in the Opposition, however she did recall that it took place after September 7, 2005 (See undisputed facts 13, 16 & 17 in the Motion for Summary Judgment). Thomas Giunta has no recollection or evidence as to when the conversation took place (See undisputed facts 14 & 15 in the Motion for Summary Judgment).

8. Even viewed in the light most favorable to the Debtor, assuming that Thomas Giunta did in fact inform Plaintiffs' counsel of the existence of Debtor's bankruptcy case, which Plaintiffs dispute, Debtor's only evidence is that the telephone call did not take place until some indeterminable time after September 7, 2005, and not until after the August 22, 2005, deadline for filing a timely request to determine dischargeability.

9. While Debtor points to two disputes of fact in her Opposition, neither is material even when viewed in a light most favorable to the Debtor, as neither occurred prior to the August 22, 2005, deadline for filing a timely request to determine dischargeability, therefore Debtor has failed to demonstrate the existence of any dispute of material fact and Plaintiffs are entitled to summary judgment.

**WHEREFORE**, for the reasons set forth herein, Plaintiffs Leonard and Patrice Young respectfully request that the Court enter an Order:

a. Granting the Motion for Summary Judgment; and

b. Granting such other and further relief as is proper under the circumstances.

/s/ Andrew L. Cole
Andrew L. Cole, Fed. Bar No. 14865
Douglas R. Gorius, Fed. Bar No. 25387
Franklin & Prokopik, P.C.
The B&O Building
Two N. Charles St., Suite 600
Baltimore, MD 21201
Tel: (410) 230-1080
Fax: (410) 752-6868
acole@fandpnet.com
dgorius@fandpnet.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY**, that on this 20th day of May, 2009, a copy of the foregoing document, together with all exhibits and attachments, was served electronically *via* the Court's CM/ECF system upon Andrew G. Wilson, II, Esq., counsel for Defendant Monica Young.

                                        /s/ Andrew L. Cole
                                        Andrew L. Cole